IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY G. KELLY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.: 17-CV-17-CG-M |
| | ) |
| | ) |
| SARALAND CITY SCHOOLS, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff brings this action against the Saraland City Schools (hereinafter "Defendant"), a public entity located in Saraland, Mobile County, Alabama, and seeks equitable and injunctive relief, compensatory damages, and back pay for Defendant's wrongful termination of Plaintiff in violation of Title VII of the Civil Rights Act of 1964, U.S.C. Section 2000e, *et.seq.*, the Civil Rights Act of 1991, the Pregnancy Discrimination Act, 42 U.S.C. Section 1981, and for violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. Sections 2601, *et.seq.*, Plaintiff further states as follows:

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343(4), 2201, and 2202 and 29 U.S.C. Section 2617(a)(2).

## II. PARTIES

2.      The Plaintiff, Kimberly G. Kelly, is an African-American resident citizen of the United States and resides in the City of Saraland, Mobile County, Alabama. The Plaintiff was employed at all times pertinent to this action by the Defendant, Saraland City Schools in Saraland, Alabama.

3.      The Defendant Saraland City Schools is a public entity operating and existing under the laws of the State of Alabama. Defendant is an "employer" under Title VII.

4.      The Defendant is engaged in an "industry affecting commerce" within the meaning of Section 701(h) of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-(h). The Defendant employs at least fifteen (15) persons.

## III. VENUE

5.      Venue is proper in the Southern District of Alabama, Southern Division, since Defendant is conducting business within this District and Division, and this action is brought where the unlawful employment practice was committed.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about September 30, 2016, on the basis of pregnancy discrimination.

7. On October 12, 2016, the EEOC issued a statutory notice of right to sue. (Attachment).

8. Plaintiff has satisfied all conditions precedent prior to bringing an action under Title VII of the Civil Rights Act of 1964, as amended.

## V. STATEMENT OF FACTS

9. Plaintiff was hired by Defendant on or about July, 2013, as a ten (10) month Counselor.

10. Plaintiff was assigned to Saraland High School and remained in said position at all times relevant to this action.

11. At all times relevant Plaintiff satisfactorily performed her job duties and received satisfactory evaluations.

12. Plaintiff has never been reprimanded during her employment at Saraland High School nor has she received any negative feedback regarding her job performance.

13. As a counselor, Plaintiff was assigned to provide counseling to all 11th and 12th grade students and served as the test coordinator at Saraland High School.

14. On or about February, 2016, Plaintiff's Principal, Beverly Spondike (Spondike) advised Plaintiff she intended to keep her services the following year and inquired if she was interested in a twelve (12) month counseling position.

15. On or about May, 2015, Plaintiff advised Sponike, her Principal and direct supervisor, that she was pregnant. Spondike immediately inquired regarding the length of time Plaintiff would request for maternity leave and expressed concerns regarding having one counselor on the Saraland High School campus. Plaintiff advised Spondike that she expected to take only four (4) weeks of leave.

16. On or about August, 2015, Spondike noted to Plaintiff that Dr. Smith was taking twelve (12) weeks of maternity leave. Spondike stated, "Who takes twelve weeks off for a pregnancy."

17. After Plaintiff advised Spondike of her pregancy, Spondike's interactions with Plaintiff changed. Spondike became more distant with Plaintiff.

18. Spondike openly expressed concerns regarding Plaintiff's anticipated leave of absence and the effect that her absence would have on the students applying to college.

19. Plaintiff advised Spondike of her intent to return to her position after her baby was born.

20. On or about October, 2015, Plaintiff experienced complications with her pregnancy and was required to take medical leave.

21. Plaintiff contacted Spondike to advise her of Plaintiff's leave status. Upon hearing the news of Plaintiff's medical leave, Spondike sighed.

22. Plaintiff continued to perform her duties as the Counselor during her maternity leave and absence to insure that senior's were provided all letters of recommendation and

other information necessary for the college admission process.

23. On or about October, 2015, while on maternity leave, Spondike began to train Anitra Skoglund (Skoglund) to perform Plaintiff's counseling duties.

24. Upon information and belief, Skoglund stated to teacher's and staff that she was told by Spondike that she would be hired the following year as a conselor.

25. Skoglund had no experience as a high school Counselor and was unfamiliar with testing procedures and issues related to a high school population and/or Saraland High School in particular.

26. Plaintiff had more high school counseling experience than Skoglund, and had familiarity with the student population, student needs, parents, and faculty at Saraland High School.

27. Plaintiff had a good rapport with the students, parents and faculty at Saraland High School.

28. On or about May, 2016, Plaintiff's employment was non-renewed.

29. Skoglund was selected as Plaintiff's replacement.

30. At the time of Plaintiff's termination and/or non-renewal, Plaintiff was not advised of any reasons for her termination and/or non-renewal of her position as a Counselor at Saraland High School.

31. Spondike, Principal at Saraland High School, participated in the recommendations for the Counselor position as well as Defendant's termination and/or non-

renewal of Plaintiff in said position.

32. Plaintiff's employment with Saraland City Schools was terminated as a result of her pregnancy and leave association with the birth of her child.

33. Plaintiff was subjected to discrimination as a result of her pregnancy and leave which adversely affected the terms and conditions of her employment.

34. Motivating factors for Defendant's termination and/or non-renewal of Plaintiff as a Counselor was due to her pregnancy and medical leave associated with the birth of her child.

35. As a direct result of these actions, Plaintiff has been caused to suffer loss of income, increased levels of stress, emotional and mental suffering, humiliation and embarrassment.

36. The Plaintiff has suffered lost wages and compensatory damages, including emotional distress, as a result of the discrimination and treatment received by Defendant.

37. The Defendants knew or were recklessly indifferent to the fact that their conduct violated established Federal law.

## VI.  CAUSES OF ACTION

### COUNT I.

### TITLE VII
### Pregnancy Discrimination

38. Plaintiff adopts and incorporates herein Paragraphs 1-37 as if they had been fully set forth herein.

39. Plaintiff's pregnancy was a motivating factor in Defendant's decision to terminate her as a ten month Counselor.

40. Defendants discriminated against the Plaintiff as a result of her pregnancy and gender in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act and the Civil Rights Act of 1991.

41. Skoglund, who had no high school experience was selected to replace Plaintiff.

42. Defendant was aware or should have been aware that its conduct violated the Pregnancy Discrimination Act.

43. Plaintiff's termination caused her extreme anxiety and concern.

44. As the direct and proximate result of the Defendant's wrongful actions, the Plaintiff was caused to suffer lost wages, loss of future earning capacity, loss of salary increases, mental anguish, loss of dignity, embarrassment, humiliation, and other intangible injuries and other directly and indirectly related expenses. These losses are continuing and the Plaintiff will continue to suffer such losses in the future.

45. Defendants' actions were done with reckless indifference to Plaintiff's federally protected rights.

## COUNT II.

### Family Medical Leave Act (FMLA)

46. Plaintiff adopts and incorporates herein Paragraphs 1-45 as if they had been fully set forth herein.

47. Plaintiff was an eligible employee under the FMLA in that she worked for a covered employer, had worked for that employer for a total of at least twelve months, had worked at least 1250 hours over the previous 12 months, and worked at a location where at least 50 employees were employed.

48. Defendant is an employer who employs more than fifty (50) or more employees who work within a seventy five mile radius of the work site where Plaintiff was employed.

49. Plaintiff discussed with Defendants on several occasions her intentions to exercise maternity leave for a period of four weeks.

50. Defendants expressed concerns regarding Plaintiff's requested pregnancy leave under the FMLA and discussed concerns of having only one counselor on the school campus during her leave of absence.

51. Plaintiff experienced complications with her pregnancy and was required to take eleven weeks of leave due to the birth and care of her sick infant.

52. Plaintiff was terminated as a ten month Counselor due to her pregnancy and her request for maternity leave in violation of the FMLA.

53. Plaintiff's termination caused her extreme anxiety and concern.

54. As a direct and proximate result of the Defendant's wrongful actions, the Plaintiff was caused to suffer lost wages, loss of future earning capacity, loss of salary increases, mental anguish, loss of dignity, embarrassment, humiliation, and other intangible

injuries and other directly and indirectly related expenses. These losses are continuing and the Plaintiff will continue to suffer such losses in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court will assume jurisdiction of this action and after trial:

A. Grant Plaintiff a declaratory judgment that the Defendant's actions, policies and practices complained of herein violate the provisions of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. Section 1981.

B. Grant Plaintiff a declaratory judgment that the Defendant's actions, policies and practices complained of herein violate the provisions of the FMLA, 29 U.S.C. Section 2615.

C. Grant Plaintiff an injunction enjoining the Defendants, their agents, successors, employees and attorneys and those acting in concert with them and at their direction, from maintaining or continuing the policies, practices, customs and usages of denying, abridging, withholding, conditioning, limiting, or otherwise interfering with the Plaintiff's rights to equal employment opportunities without discrimination, including an order of front pay and/or reinstatement as provided for under 42 U.S.C. §2000e.

D. Grant Plaintiff an award of back pay in the amount the Plaintiff would have earned from the date of her denial of employment to and including the date of judgment, but for those policies and practices complained herein.

E.  Award compensatory damages against defendants in an amount the jury determines will compensate the Plaintiff for her losses and damages suffered, and/or nominal damages as may be appropriate.

F.  Award Plaintiff costs and expenses in prosecuting this action including an award of reasonable attorney's fees and costs.

G.  Retain jurisdiction of this action following judgment for sufficient time to insure that Defendants comply with the law and decree which may be entered herein, and during such time to require Defendants to report such information as is necessary to evaluate their compliance.

H.  Grant Plaintiff such other and further relief as equity and justice requires.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests and demands that this action being tried before a duly contested jury of her peers.

Respectfully submitted this 10th day of January, 2017.

_____
KIMBERLY G. KELLY

10766 Richard Dr.
Saraland, AL 36571
251-648-0056

EEOC Form 161 (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Kimberly G. Kelly
10766 Richard Drive
Saraland, AL 36571

From: Mobile Local Office
63 S Royal Street
Suite 504
Mobile, AL 36602

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 425-2016-01189 | Annette M. George, Investigator | (251) 690-2363 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Erika LaCour,
Local Office Director

10-12-16 (Date Mailed)

Enclosures(s)

cc: Frankie Mathis
Human Resources Manager
SARALAND CITY SCHOOLS
943 Highway 43 South
Saraland, AL 36571