IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KIMBERLY G. KELLY,                  :
                                    :
     Plaintiff,                     :
                                    :
vs.                                 :   CIVIL ACTION 17-0017-CG-M
                                    :
SARALAND CITY SCHOOLS,              :
                                    :
     Defendant.                     :

REPORT AND RECOMMENDATION

Plaintiff Kimberly G. Kelly, who is proceeding pro se,
filed an employment discrimination complaint together with a
Motion to Proceed Without Prepayment of Fees (Docs. 1, 2).  This
action was referred to the undersigned pursuant to 28 U.S.C. §
636(b)(1)(B) and S.D. Ala. Gen.LR 72(a)(2)(S), and is now before
the Court for Plaintiff's failure to pay the filing fee.

After review of Plaintiff's Motion to Proceed Without
Prepayment of Fees (Doc. 2), the Court denied her Motion,
finding payment of the $400.00 filing fee would not cause her an
undue hardship, and ordered Plaintiff to pay the $400.00 filing
fee not later than March 6, 2017 (Doc. 3).  Plaintiff was warned
that her failure to comply with the Order within the prescribed
time would result in the dismissal without prejudice of her
action, but that such a dismissal would be equivalent to a
dismissal with prejudice because the statute of limitations
would have expired, thereby preventing her from proceeding on

her claim if she re-filed her action (*Id.* at 2).  To date,
Plaintiff has not paid the filing fee, nor has she otherwise
responded to the Court's Order.  Thus, the Court finds that
Plaintiff has abandoned prosecution of her action.

Due to Plaintiff's failure to comply with the Court's Order
and to prosecute this action by paying the filing fee, the Court
recommends that, through its inherent powers, this action be
dismissed without prejudice, as no lesser sanction will suffice.
*Brent v. Hyundai Motor's America,* 2017 WL 780786, at *1 (11th
Cir. Mar. 1, 2017) (unpublished) (affirming the dismissal of the
*pro se* plaintiff's action for failure to file a complying
amended complaint because the failure was at a critical stage,
thereby justifying a finding that no lesser sanction would
suffice);[1] *In re Arnold,* 166 F. App'x 424, at **1 (11th Cir.
2006) (unpublished) (affirming the district court's dismissal of
a bankruptcy appeal for the debtor's failure to pay the filing
fee because it was unlikely that a lesser sanction would have
sufficed); *cf. Link v. Wabash R.R.,* 370 U.S. 626, 630-31, 82
S.Ct. 1386, 1389 (1962) ("The authority of a court to dismiss
sua sponte for lack of prosecution has generally been considered
an 'inherent power' governed not by rule or statute but by the

---

[1] "Unpublished opinions are not considered binding precedent, but
they may be cited as persuasive authority."  11TH CIR. R. 36-2
(2005).

control necessarily vested in courts to manage their own affairs so as to achieved the orderly and expeditious disposition of cases."); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation), *cert. denied*, 549 U.S. 1228 (2007).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must

4

identify the specific finding or recommendation to which

objection is made, state the basis for the objection, and

specify the place in the Magistrate Judge's report and

recommendation where the disputed determination is found.  An

objection that merely incorporates by reference or refers to the

briefing before the Magistrate Judge is not specific.

DONE this 17th day of March, 2017.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE